William M. Burd - Bar No. 90801
Karen Sue Naylor - Bar No. 144273
**BURD & NAYLOR**
200 West Santa Ana Boulevard   Suite 400
Santa Ana, California 92701
Telephone   (714) 708-3900
Facsimile   (714) 708-3949
Email   wburd@burd-naylor.com
Email   knaylor@burd-naylor.com

Attorney for Plaintiff

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:09-bk-16252 RK |
| **SLE METAL INC.** | |
| Debtor | Chapter 7 |
| **Karen Sue Naylor, Chapter 7 Trustee,** | Adv. Case No. 8:11-ap |
| Plaintiff | |
| v. | |
| **SAM KUK LEE aka SAM LEE, SEONG JOON HWANG aka STEVE SEONG JOON HWANG aka STEVE HWANG, GOMES ENTERPRISES LLC dba A TO Z METALS, a California limited liability company, UNLIMITED METALS, INC., a California corporation, EARTH METAL TRADING LIMITED, a Hong Kong corporation, SUN PACIFIC COMMODITY TRADING CORPORATION LIMITED, a Hong Kong corporation, 16371 SCIENTIFIC WAY, a California limited liability company, PINE BROOK ROAD PARTNERS, LLC, a Delaware limited liability company, and TURAN PETROLEUM, INC., a Nevada corporation,** | **COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFERS, RECOVERY OF AVOIDED TRANSFERS, BREACH OF FIDUCIARY DUTY, AND RECOVERY OF UNAUTHORIZED DISTRIBUTIONS TO SHAREHOLDERS**

Status Conference Date
Date:  [to be set]
Time:  [to be set]
Ctrm:  5D |
| Defendants | |

1

Plaintiff, Karen Sue Naylor, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of SLE Metal Inc., respectfully alleges:

### STATEMENT OF JURISDICTION AND VENUE

1.      This adversary proceeding arises in the Chapter 7 proceeding of SLE Metals, Inc. ("Debtor") which filed a voluntary petition for relief under Chapter 7 of Title 11 on June 24, 2009  in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

2.      This Honorable Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) and (O).

4.      Venue properly lies with this Honorable Court pursuant to 28 U.S.C. § 1409.

### PARTIES

5.      Plaintiff Karen Sue Naylor is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate of SLE Metal, Inc.

6.      Debtor SLE Metal Inc. is a California corporation which was in the business of scrap metal trading.

7.      Defendant Sam Kuk Lee ("Lee") is, and at all relevant times was, an individual residing in Orange County, California and an officer and director of the Debtor and the owner of 66.66 percent of the Debtor's stock.

8.      Defendant Seong Joon Hwang aka Steve Seong Joon Hwang aka Steve Hwang ("Hwang") is, and at all relevant times was, an individual residing in Orange County, California and an officer and director of the Debtor and owner of 33.34 percent of its stock.

9.      Defendant Gomes Enterprises, LLC dba A to Z Metals ("A to Z") is, and at all relevant times was, a California limited liability company with its principal place of business in Los Angeles County, California.  Lee is a forty percent (40%) owner of A to

2

Z and Hwang is a twenty percent (20%) owner. The owner of the remaining forty percent (30%) is David Gomes.

10. Defendant Unlimited Metals, Inc. ("UMI") is a California corporation with its principal place of business in Los Angeles County, California. Lee is a forty percent (40%) owner of UMI and Hwang is a twenty percent (20%) owner. The remaining forty percent (40%) is owned by David Gomes.

11. Defendant Sun Pacific Commodity Trading Corporation Limited ("Sun Pacific") is a Hong Kong corporation with an unknown principal place of business. The Trustee is informed and believes and thereon alleges that Lee and Hwang are the sole officers, directors and shareholders of Sun Pacific.

12. Defendant Earth Metal Trading, Ltd. ("Earth Metal") is a Hong Kong corporation with an unknown principal place of business. Plaintiff is informed and believes and thereon alleges that Lee and Hwang are the sole officers, directors and shareholders of Earth Metal.

13. Defendant 16371 Scientific Way, LLC ("Scientific Way") is a California limited liability company with its principal place of business in Orange County, California. Plaintiff is informed and believes that Lee is the managing member and sixty percent (60%) owner of Scientific Way and that Hwang owns thirty percent (30%) of Scientific Way.

14. A to Z, UMI, Sun Pacific, Earth Metal and Scientific Way are sometimes hereafter collectively referred to as the "Affiliates."

15. Defendant Pine Brook Road Partners, LLC ("Pine Brook") is a Delaware limited liability company which maintains offices in New York, New York.

16. Defendant Turan Petroleum, Inc. ("Turan") is a Nevada corporation. The Trustee is informed and believes that it maintains offices in Irvine, California but that its status in California is forfeited.

3

## GENERAL ALLEGATIONS

17.    The Debtor's balance sheet as of July 31, 2008 reflected stockholders' equity of a negative $558,210.83.   Based upon a review and analysis of the Debtor's books and records by Plaintiff's Certified Public Accountant, Plaintiff is informed and believes and thereon alleges that the Debtor became insolvent on a balance sheet test no later than November 30, 2007 and remained insolvent at all times thereafter.

18.    The Trustee is informed and believes based upon a review of the Debtor's books and records, and thereon alleges, that the Debtor had a practice of transferring funds to its Affiliates for no consideration.  The Trustee is informed and believes and thereon alleges that there were no corporate resolutions authorizing either borrowing or lending, no note or other evidence of indebtedness was executed or exists and the transfers were memorialized only through journal entries.

## FIRST CLAIM FOR RELIEF
### [For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548 Against Gomes Enterprises, LLC]

19.    Plaintiff realleges paragraphs 1 through 18 above as though set forth in full hereat.

20.    After November 30, 2007, Debtor made transfers to Gomes Enterprises, LLC totaling $33,437,623.00 (the "Transfers") as follows:

Payments Made to A to Z Metals

| Number | Date | Payee | Amount |
| --- | --- | --- | --- |
| 56760 | 01/04/08 | A TO Z METALS | 248,350.00 |
| Wire | 12/12/08 | A TO Z METALS | 120,000.00 |
| Wire | 12/22/08 | A TO Z METALS | 550,000.00 |
| Total | | | 918,350.00 |

Payments Made to Gomes Enterprises, LLC

| Number | Date | Payee | Amount |
| --- | --- | --- | --- |
| 56626 | 12/20/07 | GOMES ENTERPRISES LLC | 552,737.00 |
| 56622 | 12/26/07 | GOMES ENTERPRISES LLC | 350,000.00 |
| 56694 | 12/28/07 | GOMES ENTERPRISES LLC | 550,000.00 |
| 56761 | 01/04/08 | GOMES ENTERPRISES LLC | 252,740.00 |

4

| 56859 | 01/11/08 | GOMES ENTERPRISES LLC | 335,849.00 |
| 56896 | 01/16/08 | GOMES ENTERPRISES LLC | 97,468.00 |
| 56932 | 01/17/08 | GOMES ENTERPRISES LLC | 501,475.00 |
| 57076 | 01/31/08 | GOMES ENTERPRISES LLC | 301,570.00 |
| 57526 | 03/24/08 | GOMES ENTERPRISES LLC | 501,863.00 |
| 57544 | 03/27/08 | GOMES ENTERPRISES LLC | 701,964.00 |
| 57558 | 03/28/08 | GOMES ENTERPRISES LLC | 751,362.00 |
| 57594 | 04/01/08 | GOMES ENTERPRISES LLC | 601,258.00 |
| 57649 | 04/04/08 | GOMES ENTERPRISES LLC | 480,000.00 |
| 57669 | 04/07/08 | GOMES ENTERPRISES LLC | 302,867.00 |
| 57737 | 04/16/08 | GOMES ENTERPRISES LLC | 603,597.00 |
| 57777 | 04/21/08 | GOMES ENTERPRISES LLC | 425,098.00 |
| 57815 | 04/25/08 | GOMES ENTERPRISES LLC | 508,475.00 |
| 57829 | 04/28/08 | GOMES ENTERPRISES LLC | 628,473.00 |
| 57886 | 05/02/08 | GOMES ENTERPRISES LLC | 618,470.00 |
| 57911 | 05/07/08 | GOMES ENTERPRISES LLC | 524,970.00 |
| 57968 | 05/09/08 | GOMES ENTERPRISES LLC | 652,870.00 |
| 57978 | 05/12/08 | GOMES ENTERPRISES LLC | 716,480.00 |
| 58002 | 05/13/08 | GOMES ENTERPRISES LLC | 438,219.00 |
| 58003 | 05/13/08 | GOMES ENTERPRISES LLC | 764,953.00 |
| 58031 | 05/15/08 | GOMES ENTERPRISES LLC | 382,950.00 |
| 58024 | 05/15/08 | GOMES ENTERPRISES LLC | 623,768.00 |
| 58040 | 05/16/08 | GOMES ENTERPRISES LLC | 493,870.00 |
| 58055 | 05/19/08 | GOMES ENTERPRISES LLC | 498,473.00 |
| 58098 | 05/22/08 | GOMES ENTERPRISES LLC | 603,458.00 |
| 58126 | 05/27/08 | GOMES ENTERPRISES LLC | 109,328.00 |
| 58127 | 05/27/08 | GOMES ENTERPRISES LLC | 438,946.00 |
| 58128 | 05/27/08 | GOMES ENTERPRISES LLC | 264,725.00 |
| 58205 | 06/04/08 | GOMES ENTERPRISES LLC | 496,278.00 |
| 58206 | 06/04/08 | GOMES ENTERPRISES LLC | 175,902.00 |
| 58207 | 06/04/08 | GOMES ENTERPRISES LLC | 328,269.00 |
| 58370 | 06/20/08 | GOMES ENTERPRISES LLC | 517,243.00 |
| 58371 | 06/20/08 | GOMES ENTERPRISES LLC | 232,854.00 |
| 58372 | 06/20/08 | GOMES ENTERPRISES LLC | 401,523.00 |
| 58403 | 06/24/08 | GOMES ENTERPRISES LLC | 401,275.00 |
| 58425 | 06/25/08 | GOMES ENTERPRISES LLC | 427,380.00 |
| 58426 | 06/25/08 | GOMES ENTERPRISES LLC | 223,079.00 |
| 58456 | 06/27/08 | GOMES ENTERPRISES LLC | 489,273.00 |
| 58457 | 06/27/08 | GOMES ENTERPRISES LLC | 195,761.00 |
| 58458 | 06/27/08 | GOMES ENTERPRISES LLC | 266,084.00 |
| 58490 | 07/02/08 | GOMES ENTERPRISES LLC | 638,247.00 |
| 58491 | 07/02/08 | GOMES ENTERPRISES LLC | 362,981.00 |
| 58568 | 07/15/08 | GOMES ENTERPRISES LLC | 540,962.00 |
| 58569 | 07/15/08 | GOMES ENTERPRISES LLC | 259,347.00 |
| 58570 | 07/15/08 | GOMES ENTERPRISES LLC | 417,838.00 |
| 58571 | 07/15/08 | GOMES ENTERPRISES LLC | 583,216.00 |
| 58630 | 07/22/08 | GOMES ENTERPRISES LLC | 421,383.00 |
| 58631 | 07/22/08 | GOMES ENTERPRISES LLC | 228,709.00 |
| 58645 | 07/23/08 | GOMES ENTERPRISES LLC | 501,824.00 |
| 58692 | 07/29/08 | GOMES ENTERPRISES LLC | 501,379.00 |
| 58886 | 08/19/08 | GOMES ENTERPRISES LLC | 301,587.00 |
| 58958 | 08/27/08 | GOMES ENTERPRISES LLC | 531,835.00 |
| 58959 | 08/27/08 | GOMES ENTERPRISES LLC | 243,668.00 |
| 58960 | 08/27/08 | GOMES ENTERPRISES LLC | 425,379.00 |

| 58966 | 08/29/08 | GOMES ENTERPRISES LLC | 451,087.00 |
|---|---|---|---|
| 58990 | 09/02/08 | GOMES ENTERPRISES LLC | 401,936.00 |
| 59001 | 09/03/08 | GOMES ENTERPRISES LLC | 301,584.00 |
| 59029 | 09/05/08 | GOMES ENTERPRISES LLC | 586,370.00 |
| 59030 | 09/05/08 | GOMES ENTERPRISES LLC | 214,868.00 |
| 59044 | 09/08/08 | GOMES ENTERPRISES LLC | 101,935.00 |
| 59110 | 09/17/08 | GOMES ENTERPRISES LLC | 637,428.00 |
| 59111 | 09/17/08 | GOMES ENTERPRISES LLC | 364,761.00 |
| 59127 | 09/19/08 | GOMES ENTERPRISES LLC | 201,495.00 |
| 59180 | 09/23/08 | GOMES ENTERPRISES LLC | 250,427.00 |
| 59181 | 09/23/08 | GOMES ENTERPRISES LLC | 501,493.00 |
| 59222 | 09/26/08 | GOMES ENTERPRISES LLC | 251,486.00 |
| 59574 | 11/10/08 | GOMES ENTERPRISES LLC | 249,768.00 |
| 59617 | 11/17/08 | GOMES ENTERPRISES LLC | 485,960.00 |
| 59618 | 11/17/08 | GOMES ENTERPRISES LLC | 364,817.00 |
| 59672 | 11/26/08 | GOMES ENTERPRISES LLC | 351,427.00 |
| 59700 | 12/04/08 | GOMES ENTERPRISES LLC | 100,479.00 |
| 59719 | 12/08/08 | GOMES ENTERPRISES LLC | 75,364.00 |
| 59726 | 12/09/08 | GOMES ENTERPRISES LLC | 100,297.00 |
| 59731 | 12/10/08 | GOMES ENTERPRISES LLC | 351,097.00 |
| 59738 | 12/11/08 | GOMES ENTERPRISES LLC | 101,685.00 |
| 59741 | 12/12/08 | GOMES ENTERPRISES LLC | 381,957.00 |
| Total | | | 32,519,273.00 |

21.    Plaintiff alleges that the Debtor received nothing of value in return for the Transfers and, accordingly, received less than a reasonably equivalent value in exchange for the Transfers.

22.    The Trustee is informed and believes and thereon alleges that the Debtor was insolvent on the dates the Transfers were made.

23.    In the alternative, if the Debtor was not insolvent on the date of the Transfers, Plaintiff alleges on information and belief that:

a.    The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital or

b.    Intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

24.    By reason of the foregoing, the Transfers to A to Z may be avoided pursuant to the provisions of Title 11 U.S.C. § 548(a)(1)(B).

6

## SECOND CLAIM FOR RELIEF
[For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544
and California Civil Code § 3439.04(a)(1) against Gomes Enterprises LLC]

25.     Plaintiff realleges paragraphs 1 through 18 and 20 through 23 above as though set forth in full hereat.

26.     Plaintiff may avoid transfers that are avoidable under applicable law by a creditor holding an allowable unsecured claim under Title 11 U.S.C. § 544(b).  Hamni Bank was and is an undersecured creditor whose claim existed prior to the date of the transfers.

27.     By reason of the foregoing, Plaintiff is entitled to avoid the Transfers pursuant to Title 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2).

## THIRD CLAIM FOR RELIEF
[For Recovery of Avoided Transfers Under 11 U.S.C. § 550
against Gomes Enterprises LLC]

28.     Plaintiff realleges paragraphs 1 through 18, 20 through 24 and 26 through 27 above as though set forth in full hereat.

29.     Gomes Enterprises LLC was the initial transferee of the Transfers set forth in paragraph 20 above.

30.     Pursuant to Title 11 U.S.C. § 550(a) Plaintiff is entitled to recover from the initial transferee the value of the transfers recovered.

## FOURTH CLAIM FOR RELIEF
[For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548
against Unlimited Metals Inc.]

31.     Plaintiff realleges paragraphs 1 through 18 above as though set forth in full hereat.

32.     After November 30, 2007, Debtor made transfers to Unlimited Metals Inc. totaling $12,662,438.56 (the "Transfers") as follows:

| Number | Date | Payee | Amount |
|---|---|---|---|
| 56542 | 12/11/07 | UNLIMITED METALS, INC. | 349,857.76 |
| 56604 | 12/18/07 | UNLIMITED METALS, INC. | 138,264.00 |
| 56597 | 12/18/07 | UNLIMITED METALS, INC. | 62,812.80 |
| 56634 | 12/21/07 | UNLIMITED METALS, INC. | 25,370.00 |
| 56647 | 12/21/07 | UNLIMITED METALS, INC. | 225,113.50 |

| | | | |
|---|---|---|---:|
| 56708 | 01/02/08 | UNLIMITED METALS, INC. | 397,840.00 |
| 56798 | 01/08/08 | UNLIMITED METALS, INC. | 171,800.60 |
| 56878 | 01/15/08 | UNLIMITED METALS, INC. | 275,486.66 |
| 57150 | 02/08/08 | UNLIMITED METALS, INC. | 514,548.70 |
| 57346 | 03/04/08 | UNLIMITED METALS, INC. | 310,813.40 |
| 57411 | 03/11/08 | UNLIMITED METALS, INC. | 461,383.73 |
| 57582 | 04/01/08 | UNLIMITED METALS, INC. | 716,117.36 |
| 57677 | 04/08/08 | UNLIMITED METALS, INC. | 624,054.85 |
| 57728 | 04/15/08 | UNLIMITED METALS, INC. | 409,586.00 |
| 57723 | 04/15/08 | UNLIMITED METALS, INC. | 270,638.30 |
| 57760 | 04/18/08 | UNLIMITED METALS, INC. | 825,470.00 |
| 57797 | 04/22/08 | UNLIMITED METALS, INC. | 652,190.00 |
| 57848 | 04/29/08 | UNLIMITED METALS, INC. | 626,850.00 |
| 58000 | 05/13/08 | UNLIMITED METALS, INC. | 496,575.25 |
| 58001 | 05/13/08 | UNLIMITED METALS, INC. | 272,173.50 |
| 58131 | 05/28/08 | UNLIMITED METALS, INC. | 150,612.30 |
| 58132 | 05/28/08 | UNLIMITED METALS, INC. | 465,930.74 |
| 58559 | 07/14/08 | UNLIMITED METALS, INC. | 876,666.50 |
| 58580 | 07/16/08 | UNLIMITED METALS, INC. | 640,273.00 |
| 58640 | 07/23/08 | UNLIMITED METALS, INC. | 461,976.00 |
| 58641 | 07/23/08 | UNLIMITED METALS, INC. | 208,522.00 |
| 58693 | 07/30/08 | UNLIMITED METALS, INC. | 451,348.00 |
| 58694 | 07/30/08 | UNLIMITED METALS, INC. | 209,574.00 |
| 58816 | 08/13/08 | UNLIMITED METALS, INC. | 259,377.00 |
| 58815 | 08/13/08 | UNLIMITED METALS, INC. | 541,786.37 |
| 59520 | 11/03/08 | UNLIMITED METALS, INC. | 569,426.24 |
| Total | | | 12,662,438.56 |

33.    Plaintiff alleges that the Debtor received nothing of value in return for the Transfers and, accordingly, received less than a reasonably equivalent value in exchange for the Transfers.

34.    The Trustee is informed and believes and thereon alleges that the Debtor was insolvent on the dates the Transfers were made.

35.    In the alternative, if the Debtor was not insolvent on the date of the Transfers, Plaintiff alleges on information and belief that:

    a.    The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital or

    b.    Intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

36. By reason of the foregoing, the Transfers to Unlimited Metals Inc. may be avoided pursuant to the provisions of Title 11 U.S.C. § 548(a)(1)(B).

**FIFTH CLAIM FOR RELIEF**
**[For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544**
**and California Civil Code § 3439.04(a)(1) against Unlimited Metals Inc.]**

37. Plaintiff realleges paragraphs 1 through 18 and 32 through 36 above as though set forth in full hereat.

38. Plaintiff may avoid Transfers that are avoidable under applicable law by a creditor holding an allowable unsecured claim under Title 11 U.S.C. § 544(b). Hamni Bank was and is an undersecured creditor whose claim existed prior to the date of the transfers.

39. By reason of the foregoing, Plaintiff is entitled to avoid the Transfers pursuant to Title 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2).

**SIXTH CLAIM FOR RELIEF**
**[For Recovery of Avoided Transfers Under 11 U.S.C. § 550**
**against Unlimited Metals Inc.]**

40. Plaintiff realleges paragraphs 1 through 18, 32 through 36 and 38 through 39 above as though set forth in full hereat.

41. Unlimited Metals Inc. was the initial transferee of the Transfers set forth in paragraph 32 above.

42. Pursuant to Title 11 U.S.C. § 550(a) Plaintiff is entitled to recover from the initial transferee the value of the Transfers recovered.

**SEVENTH CLAIM FOR RELIEF**
**[For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548**
**against Earth Metal Trading Limited]**

43. Plaintiff realleges paragraphs 1 through 18 above as though set forth in full hereat.

44. After November 30, 2007, Debtor made transfers to Earth Metal Trading Limited totaling $5,241,859.26 (the "Transfers") as follows:

9

| Number | Date | Payee | Amount |
|--------|------|-------|--------|
| Wire | 01/18/08 | EARTH METAL | 140,000.00 |
| Wire | 02/27/08 | EARTH METAL | 73,709.47 |
| Wire | 03/19/08 | EARTH METAL | 174,442.00 |
| Wire | 04/17/08 | EARTH METAL | 808,632.48 |
| Wire | 05/30/08 | EARTH METAL | 80,661.15 |
| Wire | 06/12/08 | EARTH METAL | 120,561.42 |
| Wire | 06/17/08 | EARTH METAL | 258,693.83 |
| Wire | 07/10/08 | EARTH METAL | 20,195.77 |
| Wire | 07/10/08 | EARTH METAL | 1,017,490.20 |
| Wire | 07/10/08 | EARTH METAL | 1,097,216.00 |
| Wire | 08/05/08 | EARTH METAL | 500,256.94 |
| Wire | 08/06/08 | EARTH METAL | 300,000.00 |
| Wire | 10/09/08 | EARTH METAL | 300,000.00 |
| Wire | 11/28/08 | EARTH METAL | 350,000.00 |
| Total | | | 5,241,859.26 |

45. Plaintiff alleges that the Debtor received nothing of value in return for the Transfers and, accordingly, received less than a reasonably equivalent value in exchange for the Transfers.

46. The Trustee is informed and believes and thereon alleges that the Debtor was insolvent on the dates the Transfers were made.

47. In the alternative, if the Debtor was not insolvent on the date of the Transfers, Plaintiff alleges on information and belief that:

    a. The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital or

    b. Intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

48. By reason of the foregoing, the Transfers to Earth Metal Trading Limited may be avoided pursuant to the provisions of Title 11 U.S.C. § 548(a)(1)(B).

///

///

10

**EIGHTH CLAIM FOR RELIEF**
**[For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544**
**and California Civil Code § 3439.04(a)(1)**
**against Earth Metal Trading Limited]**

49.    Plaintiff realleges paragraphs 1 through 18 and 44 through 48 above as though set forth in full hereat.

50.    Plaintiff may avoid transfers that are avoidable under applicable law by a creditor holding an allowable unsecured claim under Title 11 U.S.C. § 544(b).   Hamni Bank was and is an undersecured creditor whose claim existed prior to the date of the Transfers.

51.    By reason of the foregoing, Plaintiff is entitled to avoid the Transfers pursuant to Title 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2).

**NINTH CLAIM FOR RELIEF**
**[For Recovery of Avoided Transfers Under 11 U.S.C. § 550**
**against Earth Metal Trading Limited]**

52.    Plaintiff realleges paragraphs 1 through 18, 44 through 48 and 50 through 51 above as though set forth in full hereat.

53.    Earth Metal Trading Limited was the initial transferee of the Transfers set forth in paragraph 44 above.

54.    Pursuant to Title 11 U.S.C. § 550(a) Plaintiff is entitled to recover from the initial transferee the value of the Transfers recovered.

**TENTH CLAIM FOR RELIEF**
**[For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548**
**against Sun Pacific Commodity Trading Corporation Limited]**

55.    Plaintiff realleges paragraphs 1 through 18 above as though set forth in full hereat.

56.    After November 30, 2007, Debtor made a transfer to Sun Pacific Commodity Trading Corporation Limited in the amount of $1,100,000.00 (the "Transfer") as follows:

11

| Number | Date | Payee | Amount |
|--------|------|-------|--------|
| Wire | 11/10/08 | SUN PACIFIC | 1,100,000.00 |

57.    Plaintiff alleges that the Debtor received nothing of value in return for the Transfer and, accordingly, received less than a reasonably equivalent value in exchange for the Transfer.

58.    The Trustee is informed and believes and thereon alleges that the Debtor was insolvent on the date the Transfer was made.

59.    In the alternative, if the Debtor was not insolvent on the date of the Transfer, Plaintiff alleges on information and belief that:

      a.    The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital or

      b.    Intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

60.    By reason of the foregoing, the Transfer to Sun Pacific Commodity Trading Corporation Limited may be avoided pursuant to the provisions of Title 11 U.S.C. § 548(a)(1)(B).

**ELEVENTH CLAIM FOR RELIEF**
**[For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544**
**and California Civil Code § 3439.04(a)(1)**
**against Sun Pacific Commodity Trading Corporation Limited]**

61.    Plaintiff realleges paragraphs 1 through 18 and 56 through 60 above as though set forth in full hereat.

62.    Plaintiff may avoid transfers that are avoidable under applicable law by a creditor holding an allowable unsecured claim under Title 11 U.S.C. § 544(b).    Hamni Bank was and is an undersecured creditor whose claim existed prior to the date of the transfer.

63. By reason of the foregoing, Plaintiff is entitled to avoid the Transfer pursuant to Title 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2).

### TWELFTH CLAIM FOR RELIEF
**[For Recovery of Avoided Transfers Under 11 U.S.C. § 550
against Sun Pacific Commodity Trading Corporation Limited]**

64. Plaintiff realleges paragraphs 1 through 18, 56 through 60 and 62 through 63 above as though set forth in full hereat.

65. Sun Pacific Commodity Trading Corporation Limited was the initial transferee of the Transfer set forth in paragraph 56 above.

66. Pursuant to Title 11 U.S.C. § 550(a) Plaintiff is entitled to recover from the initial transferee the value of the Transfer recovered.

### THIRTEENTH CLAIM FOR RELIEF
**[For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548
against 16371 Scientific Way]**

67. Plaintiff realleges paragraphs 1 through 18 above as though set forth in full hereat.

68. On October 16, 2007, the Debtor wire transferred $800,000.00 to 16371 Scientific Way. The following day, October 17, 2007, the Debtor wire transferred an additional $46,000.00 to Scientific Way (the "Transfers").

69. The Trustee is informed and believes and thereon alleges that Scientific Way used the funds to purchase real property located 16371 Scientific Way to which it took title in its own name.

70. Plaintiff alleges that the Debtor received nothing of value in return for the Transfers and, accordingly, received less than a reasonably equivalent value in exchange for the Transfers.

71. The Trustee is informed and believes and thereon alleges that the Debtor was insolvent on the dates the Transfers were made.

72. In the alternative, if the Debtor was not insolvent on the date of the Transfers, Plaintiff alleges on information and belief that:

13

a.      The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital or

b.      Intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

73.      By reason of the foregoing, the Transfers to 16371 Scientific Way may be avoided pursuant to the provisions of Title 11 U.S.C. § 548(a)(1)(B).

## FOURTEENTH CLAIM FOR RELIEF
### [For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1) against 16371 Scientific Way]

74.      Plaintiff realleges paragraphs 1 through 18 and 68 through 72 above as though set forth in full hereat.

75.      Plaintiff may avoid transfers that are avoidable under applicable law by a creditor holding an allowable unsecured claim under Title 11 U.S.C. § 544(b).   Hamni Bank was and is an undersecured creditor whose claim existed prior to the date of the transfers.

76.      By reason of the foregoing, Plaintiff is entitled to avoid the Transfers pursuant to Title 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2).

## FIFTEENTH CLAIM FOR RELIEF
### [For Recovery of Avoided Transfers Under 11 U.S.C. § 550 against 16371 Scientific Way]

77.      Plaintiff realleges paragraphs 1 through 18, 68 through 72 and 74 through 75 above as though set forth in full hereat.

78.      16371 Scientific Way was the initial transferee of the Transfers set forth in paragraph 68 above.

79.      Pursuant to Title 11 U.S.C. § 550(a) Plaintiff is entitled to recover from the initial transferee the value of the Transfers recovered.

## SIXTEENTH CLAIM FOR RELIEF
### [For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548 against Pinebrook Road Partners, LLC]

80.    Plaintiff realleges paragraphs 1 through 8 and 15 through 18 above as through set forth in full hereat.

81.    After November 30, 2007, Debtor made transfers to Pinebrook Road Partners, LLC totaling $3,800,000.00 (the "Transfers") as follows:

| Number | Date | Payee | Amount |
|---|---|---|---|
| Wire | 02/06/08 | PINEBROOK ROAD PARTNERS | 1,000,000.00 |
| Wire | 05/01/08 | PINEBROOK ROAD PARTNERS | 1,250,000.00 |
| Wire | 06/19/08 | PINEBROOK ROAD PARTNERS | 1,550,000.00 |
| Total | | | 3,800,000.00 |

82.    The Trustee is informed and believes and thereon alleges that the Transfers were made for the purpose of purchasing stock in Defendant Turan Petroleum, Inc.

83.    The Trustee is informed and believes and thereon alleges that as a result of the Transfers stock Certificate No. 353 of Turan Petroleum, Inc. was issued on May 9, 2008 to Sam K. Lee for 316,667 shares of Turan Petroleum stock.

84.    The Trustee is further informed and believes and thereon alleges that as a result of the Transfers stock Certificate No. 355 of Turan Petroleum, Inc. was issued on May 9, 2008 to Steve Hwang for 158,333 shares of Turan Petroleum stock.

85.    Plaintiff alleges that the Debtor received nothing of value in return for the Transfers and, accordingly, received less than a reasonably equivalent value in exchange for the Transfers.

86.    The Trustee is informed and believes and thereon alleges that the Debtor was insolvent on the dates that the Transfers were made.

87.    In the alternative, if the Debtor was not insolvent on the date of the Transfers, Plaintiff alleges on information and belief that:

a.    The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property

15

remaining with the Debtor was an unreasonably small capital or

b.    Intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

88.    By reason of the foregoing, the Transfers to Pinebrook Road Partners, LLC. may be avoided pursuant to the provisions of Title 11 U.S.C. § 548(a)(1)(B).

## SEVENTEENTH CLAIM FOR RELIEF
### [For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1) against Pinebrook Road Partners, LLC]

89.    Plaintiff realleges paragraphs 1 through 8, 15 through 18 and 81 through 88 above as through set forth in full hereat.

90.    Plaintiff may avoid transfers that are avoidable under applicable law by a creditor holding an allowable unsecured claim under Title 11 U.S.C. § 544(b).  Hamni Bank was and is an undersecured creditor whose claim existed prior to the date of the transfers.

91.    By reason of the foregoing, Plaintiff is entitled to avoid the Transfers pursuant to Title 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2).

## EIGHTEENTH CLAIM FOR RELIEF
### [For Recovery of Avoided Transfers Under 11 U.S.C. § 550 against Pinebrook Road Partners, LLC and Turan Petroleum, Inc.]

92.    Plaintiff realleges paragraphs 1 through 8, 15 through 18, 81 through 88 and 90 through 91 above as through set forth in full hereat.

93.    Pinebrook Road Partners, LLC was the initial transferee of the Transfers set forth in paragraph 81 above.

94.    The Trustee is informed and believes and thereon alleges that a portion of the Transfers to Pinebrook Road Partners, LLC in an amount unknown to the Trustee was for the benefit of Turan Petroleum, Inc. and was transferred to it by Pinebrook Road Partners, LLC.

95.    Pursuant to Title 11 U.S.C. § 550(a) Plaintiff is entitled to recover from the initial transferee and any intermediate transferee of the initial transferee the value of the Transfers recovered.

### NINETEENTH CLAIM FOR RELIEF
**[For Breach of Fiduciary Duty – California Trust Fund Doctrine
Against Sam Kuk Lee and Seong Joon Hwang]**

96.    Plaintiff realleges paragraph 1 through 18, 20 through 24, 32 through 36, 44 through 48, 56 through 60, 68 through 73 and 81 through 88 above as though set forth in full hereat.

97.    From and after the date that Debtor became insolvent, Defendants Sam Kuk Lee and Seong Joon Hwang owed a fiduciary duty to the creditors of the Debtor pursuant to the California Trust Fund Doctrine.

98.    Pursuant to the California Trust Fund Doctrine, Defendants Sam Kuk Lee and Seong Joon Hwang had a duty not to divert, dissipate or unduly risk corporate assets of the Debtor.

99.    Defendants Sam Kuk Lee and Seong Joon Hwang violated that duty in making the Transfers to the Affiliates and to Pinebrook Road Partners, LLC described above.

100.    As a result, Defendants Sam Kuk Lee and Seong Joon Hwang are liable to the estate for the value of all transfers made in violation of the California Trust Fund Doctrine.

### TWENTIETH CLAIM FOR RELIEF
**[Recovery of Unauthorized Distributions to Shareholders
Against Sam Kuk Lee and Seong Joon Hwang]**

101.    Plaintiff realleges paragraph 1 through 18, 20 through 24, 32 through 36, 44 through 48, 56 through 60, 68 through 73 and 81 through 88 above as though set forth in full hereat.

102.    The Transfers to the Affiliates benefitted Defendants Sam Kuk Lee and Seong Joon Hwang because they are owners or part owners of the Affiliates. The Transfers to Pinebrook Road Partners, LLC directly benefitted them because the stock

17

in Turan Petroleum, Inc. was issued in their names.

103.   Plaintiff alleged that all of the Transfers described above were, in fact, disguised distributions to Defendants Sam Kuk Lee and Seong Joon Hwang in violation of California Corporations Code §§ 500 and 501.

104.   Defendants Sam Kuk Lee and Seong Joon Hwang were aware of the financial condition of the Debtor at the time of the Transfers and had knowledge of facts indicating the impropriety of the Transfers.

105.   By reason of the foregoing, Defendants Sam Kuk Lee and Seong Joon Hwang are liable to the estate for the value of all of the Transfers made to the Affiliates and Pinebrook Road Partners, LLC.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.   On the First and Second Claims for Relief for judgment avoiding all Transfers to Gomes Enterprises, LLC.

2.   On the Third Claim for Relief for judgment against Gomes Enterprises, LLC in the amount of $32,519,273.00 plus interest from the date of each of the Transfers.

3.   On the Fourth and Fifth Claims for Relief for judgment avoiding all Transfers to Unlimited Metals, Inc.

4.   On the Sixth Claim for Relief for judgment against Unlimited Metals, Inc. in the amount of $12,662,438.56 plus interest from the date of each of the Transfers.

5.   On the Seventh and Eighth Claims for Relief for judgment avoiding all Transfers to Earth Metal Trading Limited.

6.   On the Ninth Claim for Relief for judgment against Earth Metal Trading Limited in the amount of $5,241,859.26 plus interest from the date of each of the Transfers.

7.   On the Tenth and Eleventh Claim for Relief for judgment avoiding all Transfers to Sun Pacific Commodity Trading Corporation Limited.

8.      On the Twelfth Claim for Relief for judgment against Sun Pacific Commodity Trading Corporation Limited in the amount of $1,100,000.00 plus interest from the date of the Transfer.

9.      On the Thirteenth and Fourteenth Claim for Relief for judgment avoiding all Transfers to 16371 Scientific Way.

10.     On the Fifteenth Claim for Relief for judgment against 16371 Scientific Way in the amount of $846,000.00 plus interest from the date of the Transfer.

11.     On the Sixteenth and Seventeenth Claim for Relief for judgment avoiding all Transfers to Pinebrook Road Partners, LLC.

12.     On the Eighteenth Claim for Relief for judgment against Pinebrook Road Partners, LLC and Turan Petroleum, Inc. in the amount of $3,800.000.00 plus interest from the date of the Transfers.

13.     On the Nineteenth Claim for Relief for judgment against Sam Kuk Lee and Seong Joon Hwang in the amount of $56,169,570.82 plus interest from the date of the Transfers.

14.     On the Twentieth Claim for Relief for judgment against Sam Kuk Lee and Seong Joon Hwang in the amount of $56,169,570.82 plus interest from the date of the Transfers.

15.     On all Claims for Relief for all costs of suit incurred herein.

Date: June _21_, 2011

Respectfully submitted,

**BURD & NAYLOR**

By: William M. Burd
Attorney for Plaintiff

FORM B104  (08/07)                                                      2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Karen Sue Naylor, Chapter 7 Trustee | DEFENDANTS<br>SAM KUK LEE aka SAM LEE, et al [See attached] |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>BURD & NAYLOR          (714) 708-3900<br>200 West Santa Ana Blvd. #400<br>Santa Ana, CA  92701 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☑ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☑ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Avoidance of Fraudulent Transfers, Recovery of Avoided Transfers, Breach of Fiduciary Duty, and Recovery of
Unauthorized Distributions to Shareholders

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☑ 2 ⎯ 13-Recovery of money/property - §548 fraudulent transfer

☑ 1 ⎯ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false
   representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
   larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
   (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state
   court if unrelated to bankruptcy case)

| ☑  Check if this case involves a substantive issue of state law | ☐  Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐  Check if a jury trial is demanded in complaint | Demand $ 56,169,570.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                      2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br>SLE METALS INC. | | **BANKRUPTCY CASE NO.**<br>8:09-bk-16252RK |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District of California | **DIVISIONAL OFFICE**<br>Santa Ana | **NAME OF JUDGE**<br>Robert Kwan |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| *[signature]* |

| DATE<br>*June 21, 2011* | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>William M. Burd<br>BURD & NAYLOR |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| William M. Burd - Bar No. 90801<br>Karen Sue Naylor - Bar No. 144273<br>BURD & NAYLOR<br>200 West Santa Ana Boulevard, Suite 400<br>Santa Ana, California 92701<br>Telephone (714) 708-3900    Facsimile (714) 708-3949<br>Email wburd@burd-naylor.com<br>Email knaylor@burd-naylor.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>SLE METAL INC.<br><br>Debtor. | CHAPTER  7<br><br>CASE NUMBER  8:09-bk-16252 RK<br><br>ADVERSARY NUMBER  8:11-ap |
|---|---|
| KAREN SUE NAYLOR, Chapter 7 Trustee,<br><br>Plaintiff(s),<br><br>vs.<br><br>SAM KUK LEE aka SAM LEE,  et al  [See attached]<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF**<br>**STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** 5D | **Floor:** 5th |
|---|---|---|---|

❑  **255 East Temple Street, Los Angeles**          ☒  **411 West Fourth Street, Santa Ana**

❑  **21041 Burbank Boulevard, Woodland Hills**          ❑  **1415 State Street, Santa Barbara**

❑  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
                    *Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                                                 **F 7004-1**

**Attachment to Summons and Notice of Status Conference**

**Karen Sue Naylor, Chapter 7 Trustee,**

Plaintiff

v.

**SAM KUK LEE aka SAM LEE, SEONG JOON HWANG aka STEVE SEONG JOON HWANG aka STEVE HWANG, GOMES ENTERPRISES LLC dba A TO Z METALS, a California limited liability company, UNLIMITED METALS, INC., a California corporation, EARTH METAL TRADING LIMITED, a Hong Kong corporation, SUN PACIFIC COMMODITY TRADING CORPORATION LIMITED, a Hong Kong corporation, 16371 SCIENTIFIC WAY, a California limited liability company, PINE BROOK ROAD PARTNERS, LLC, a Delaware limited liability company, and TURAN PETROLEUM, INC., a Nevada corporation,**

Defendants